IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


IN RE:                          )
                                )
RAYMOND G. SHORTSLEEVE and )      BANKRUPTCY CASE NO.
CYNTHIA D. SHORTSLEEVE,      )        04-12862-DHW
                                )        (Chapter 7)
    Debtors.                    )
                                )
CYNTHIA D. SHORTSLEEVE,      )
                                )
    Plaintiff,                  )   DISTRICT COURT MISC. NO.
                                )      1:06mc3337-MHT
    v.                          )
                                )   (Bankruptcy Adversary
CENTURYTEL OF ALABAMA,       )      Proceeding No.
LLC, and ROBINSON,           )        06-1080-DHW)
REAGAN & YOUNG, PLLC,        )
                                )
    Defendants.                 )

OPINION AND ORDER

Based on the representations of the parties made during a telephone conference on October 3, 2006, and on the papers submitted to this court and the bankruptcy court, and for the reasons stated below, it is ORDERED that plaintiff Cynthia D. Shortsleeve's motion to withdraw (Doc. No. 2) is granted.

The clerks of the bankruptcy court and this court are DIRECTED to take all steps necessary to transfer to the United States District Court for the Middle District of Alabama the adversary proceeding, initiated by plaintiff Shortsleeve with a complaint filed on May 8, 2006 (bankruptcy case no. 04-12862-DHW (Chapter 7) and bankruptcy adversary proceeding no. 06-1080-DHW, M.D. Ala.). The clerk of this court shall set up the transfer case as a separate civil case, with a separate and new civil action number.

\* \* \*

For the following reasons, this court exercises its discretion to withdraw the reference to the bankruptcy court for cause under 11 U.S.C. § 157(d).[1] First, as the

---

1. The factors to be considered by the court in exercising its § 157 discretion include: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand; and (8) prevention

(continued...)

claims at issue here arise mostly out of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, <u>et seq.</u>, the bankruptcy court has no special expertise in resolving the claims.  To the degree that Shortsleeve's claims have to do with enforcement of the discharge injunction, those claims are intimately related to the FDCPA claims.  It saves judicial, and the parties', resources to try them together.

Second, and also related to the preservation of judicial and parties' resources, the FDCPA claims are non-core; that is, they  do not "arise under" or "arise in" Title 11.  <u>In re Toledo</u>, 170 F.3d 1340, 1349 (11th Cir. 1999).  At most, the bankruptcy court has non-core jurisdiction over the claims.  The bankruptcy court's determinations, absent withdrawal, would therefore be subject to de novo review in this court, in any event. 11 U.S.C. § 157(c)(1).[2]

─────────────

(...continued)
of delay.  <u>In re Childs</u>, 342 B.R. 823, 827 (M.D. Ala. 2006) (Albritton, J.).

2.  It is, indeed, unclear whether the bankruptcy
(continued...)

3

Finally, defendants Centurytel of Alabama, LLC, and Robinson, Reagan & Young, PLLC do not object to the withdrawal.

The United States District Court for the Middle District of Alabama will therefore take jurisdiction over Shortsleeve's adversary proceeding against defendants Centurytel of Alabama, LLC, and Robinson, Reagan & Young, PLLC in its entirety.

DONE, this 3d day of October, 2006.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

2.    (...continued)
court has jurisdiction over the FDCPA claims at all.  The bankruptcy court found that it did not.